**David REUTTER, Petitioner–Appellant,**

v.

**Charles CRANDEL, Respondent–Appellee.**

No. 96–35118.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 1996.

Decided March 21, 1997.

---

Mary C. Geddes, Assistant Federal Defender, Anchorage, Alaska, for the petitioner-appellant.

Bruce M. Botelho, Attorney General, and Nancy Simel, Assistant Attorney General, Anchorage, Alaska, for the respondent-appellee.

Before: JOHN T. NOONAN, Jr., THOMPSON and KLEINFELD, Circuit Judges.

JOHN T. NOONAN, Jr., Circuit Judge:

David C. Reutter appeals the dismissal of his habeas corpus petition by the district court on the ground that he failed to exhaust his claims in the state courts. As the issue of exhaustion is a recurrent problem, this opinion affords the opportunity to illustrate how specifically the state claims must be raised before the state supreme court. Finding that Reutter was sufficiently specific as to one claim but failed to exhaust another claim, we affirm the judgment of the district court.

## PROCEEDINGS

Reutter was convicted in the Superior Court, First Judicial District, Sitka, Alaska, of one count of sexual abuse of a minor in the first degree in violation of AS 11.41.434(a)(1) and one count of sexual abuse of a minor in the second degree in violation of AS 11.41.436(a)(2). The minor was his nine-year-old daughter. After a hearing conducted by the superior court as to whether she would be able to testify in the presence of her father, the trial judge granted the state's motion to take her testimony via closed circuit television. In the room with her when she was testifying were the video camera operator, the prosecutor, Reutter's counsel, and his daughter's guardian ad litem. Reutter remained in the courtroom and had access to his attorney by telephone during the testimony.

Represented by counsel, Reutter appealed his conviction to the Court of Appeals of Alaska on several grounds, the first of which was that the statute, AS 12.45.046, permit-

ting such closed circuit video testimony by a child violated the Confrontation Clauses of the federal and Alaska constitutions on its face or violated them as it had been applied to him. The court of appeals reviewed these claims and concluded that there had been no violations under either constitution. *Reutter v. State of Alaska,* 886 P.2d 1298 (Alaska App.1994). Reutter then, acting pro se, petitioned the Supreme Court of Alaska.

Reutter's petition began with this "Prayer for Relief":

> The petitioner claims that the "intermediate court" has failed to consider questions of relevant material facts relating to the proper application of AS 12.45.046, that the intermediate court has failed, overlooked or misconceived the statutory utilization of "specific factors" of AS 12.45.046(b), and their possible usefulness to the petitioner under the actual circumstances relating to the child witness, and that by the State of Alaska failing to adhere to the strict procedural implements of AS 12.45.046, they have deprived the petitioner of "fair confrontation of the child witness, and of the right to a fair trial."

The petition then continued with a three page argumentative "Statement of Points Relied Upon", which included references to *Coy v. Iowa,* 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) and *Maryland v. Craig,* 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), two cases dealing with a defendant's rights under the federal Confrontation Clause.

The Supreme Court of Alaska, which possesses discretionary power of review, issued an order denying the petition without comment. Reutter then filed a pro se habeas petition in the federal district court. He stated the grounds for relief as follows:

1. In custody due to the application of AS 12.45.046 in violation of U.S. Constitution confrontation clause on its face.

2. In custody due to the application of AS 12.45.046 in violation of Alaska Constitution clause right on its face.

3. In custody due to the application of AS 12.45.046 which is unconstitutional as applied in my case.

4. In custody due to the application of AS 12.45.046 the procedure adopted violated my Due Process Rights.

The case was referred to a magistrate judge. The magistrate judge ruled that Reutter had failed to raise any of the grounds alleged in the federal petition before the Supreme Court of Alaska. The magistrate judge therefore recommended dismissal of the petition. The district court agreed and entered judgment against Reutter.

Reutter appeals.

## ANALYSIS

■ The Antiterrorism and Effective Death Penalty Act of 1996 (amendments to 28 U.S.C. §§ 2241–2255) is not retroactively applied to habeas petitions filed before the Act's effective date of April 24, 1996. *Turk v. White,* 105 F.3d 478 (9th Cir.1997). We, therefore, address Reutter's appeal based on a certificate of probable cause from the district court.

■ An application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b). What this requirement means has been authoritatively stated: "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

■ Applying the statute and this authoritative exposition of it, we hold that Reutter fairly presented the Supreme Court of Alaska with his claim that AS 12.45.046 as applied in his trial had, as he put it, "deprived the petitioner of 'fair confrontation of the child witness, and of the right to a fair trial.'" Bolstered by the argumentative citations of *Coy v. Iowa* and *Maryland v. Craig,* Reutter's prayer for relief alerted the Supreme Court of Alaska to his claim under the Confrontation Clause of the Sixth Amendment. *A fortiori,* his petition put the court on notice as to this claim since he was appealing from an opinion of an Alaskan appellate court that

had carefully examined this constitutional claim and rejected it.

The district court was correct in finding that Reutter's first claim of facial violation of the Sixth Amendment was not presented to the Alaska Supreme Court. His second federal claim was, of course, not a federal claim at all as it related only to the Alaska constitution. *See Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982). His fourth claim that the application of the statute violated his "due process rights" was essentially duplicative of his Confrontation Clause claim, inasmuch as the Confrontation Clause operates upon the states through the Due Process provision of the Fourteenth Amendment and inasmuch as Reutter specified only the Confrontation Clause in his appeal to the Alaska Supreme Court. One federal claim was, therefore, fairly presented both to the highest state court and in the federal habeas petition. The unexhausted first federal claim, however, prevents consideration of his petition. The petition is mixed and so requires dismissal. *Calderon v. U.S. Dist. Court*, 107 F.3d 756 (9th Cir.1997).. Reutter may strike the unexhausted claim and resubmit his petition to the district court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir.1994).

Accordingly, we **AFFIRM** the judgment of the district court.