**Douglas JAMES, Petitioner–Appellant,**

v.

**R.A. GILES, Daniel E. Lungren, Attorney General, Respondents–Appellees.**

**No. 98–56751.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2000

Filed Aug. 4, 2000

---

Verna Wefald, Pasadena, CA, for petitioner-appellant.

Douglas L. Wilson, Deputy Attorney General, Los Angeles, CA, for respondents-appellees.

Before: CANBY and FLETCHER, Circuit Judges, and SEDWICK,[1] District Judge.

CANBY, Circuit Judge:

Douglas James is a state prisoner serving three consecutive life sentences for kidnaping and robbery. The district court dismissed James' petition for federal habeas review because it contained both exhausted and unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Although the court dismissed his petition without prejudice, James may be precluded from deleting his unexhausted claims and refiling because the one-year statute of limitations for filing an original habeas petition appears to have run. *See* 28 U.S.C. § 2244(d)(1). The question that James

1. The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

seeks to raise on this appeal is whether the district court erred by failing to offer James an opportunity to amend his petition by deleting his unexhausted claims, thereby permitting substantive consideration of his properly exhausted claim filed within the limitations period.

We are presented at the outset with a procedural problem. James did not file his notice of appeal within the requisite thirty days after the district court dismissed his petition on May 7, 1998. *See* Fed. R.App. P. 4(a)(1)(A). On June 24, 1998, James moved for an extension of time for filing an appeal, and at the same time submitted his notice of appeal and request for a certificate of appealability. The motion for extension of time was filed within the allowable thirty days after the time for appeal had expired. *See* Fed. R.App. P. 4(a)(5)(A)(i).

The district court's denial of James' motion for an extension of time was somewhat enigmatic. The district court's order addressed the merits only of its earlier dismissal of James' habeas petition. The district court stated that dismissal was proper because the petition contained unexhausted claims, and for that reason it denied a certificate of appealability. At the conclusion of its order, the district court also denied the motion for extension of time to file a notice of appeal. It did so with no discussion of that motion, or of the grounds that James set forth to make the requisite showing of excusable neglect or good cause. *See* Fed. R.App. P. 4(a)(5)(A)(ii).

We conclude that the district court's denial of the extension of time, without discussion of any factor except the purported lack of merit of James' appeal, was in effect (and probably in intention) a dismissal for mootness. Its validity as such depends upon the validity of the district court's conclusion that James was not entitled to a certificate of appealability; *i.e.*, James had not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For reasons that we now set forth, we conclude that the district court erred.

After the district court denied the extension and a certificate of appealability, James sought a certificate of appealability from this court, as authorized by 28 U.S.C. § 2253(c)(1). A motions panel granted the certificate and included among the certified issues the questions whether the district court erred in denying the motion to extend time, and whether it erred in dismissing James' petition without offering James the opportunity to amend his petition by deleting the unexhausted claims.[2] Because the possibility that this court would issue such a certificate existed at the time the district court denied James' motion to extend time, and because that certificate is valid for reasons to be set forth, the motion to extend was not moot when the district court denied it, and it is not moot now.

██ We recently held that "once a [certificate of appealability] has been issued without objection by this court, the procedural threshold for appellate jurisdiction has been passed and we need not revisit the validity of the certificate in order to reach the merits." *Gatlin v. Madding*, 189 F.3d 882, 887 (9th Cir.1999), *cert. denied*, —— U.S. ——, 120 S.Ct. 815, 145 L.Ed.2d 686 (2000). Thus, although the issuance of a certificate of appealability is a prerequisite to our assertion of jurisdiction, once that certificate is issued, we have jurisdiction even if the certificate was arguably "improvidently granted." *Id.* at 884, 886.

The State argues, however, that *Gatlin* ought not to apply because it relied on 9th Cir. R. 22–1(c), which authorized the State

---

2. The motions panel also certified the following issues: (1) whether James' notice of appeal was timely; (2) whether the district court erred in not holding James' petition in abeyance while he exhausted his unexhausted claims; (3) whether the district court erred in not denying the unexhausted claims on the merits, despite the lack of exhaustion, *see* 28 U.S.C. § 2254(b)(2).

to file a response to a motion for a certificate of appealability. The State in *Gatlin* had filed no such response, and was thus precluded from later challenging the certificate. *See Gatlin,* 189 F.3d at 887. The State here argues that, because James' motion in this court for a certificate of appealability was made prior to the adoption of 9th Cir. R. 22–1(c), the State cannot be bound by a failure to file a response.

■ We accept for purposes of this appeal the State's argument with regard to the one objection it urges in its briefing to this court, which we now address. The State contends that James' appeal is not based on a "denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), because the district court's ruling was entirely procedural. The United States Supreme Court recently rejected this argument, however, pointing out that, in light of the purposes of the writ of habeas corpus, Congress could not have intended "to allow trial court procedural error to bar vindication of substantial constitutional rights on appeal." *See Slack v. McDaniel,* —— U.S. ——, ——, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000). The Court therefore prescribed the standard for appealability of such a procedural ruling:

> [A] [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 1604.

■ We conclude, contrary to the government's position, that the second requirement is met: jurists of reason would find it debatable whether the district court was correct in dismissing the mixed peti-

tion without affording James an opportunity to amend to delete unexhausted claims. We have long held that a federal habeas petitioner has a right to amend a mixed petition to delete unexhausted claims as an alternative to suffering a dismissal. *Rose v. Lundy,* 455 U.S. at 520, 102 S.Ct. 1198; *Calderon v. United States Dist. Ct. (Taylor),* 134 F.3d 981, 986 (9th Cir.), *cert. denied,* 525 U.S. 920, 119 S.Ct. 274, 142 L.Ed.2d 226 (1998). James unquestionably had a right to amend his petition to delete his three unexhausted claims.[3] But he never had an informed opportunity to do so. By dismissing James' petition without leave to amend at the same time that it explained why it was doing so, the district court failed to provide James with notice of his petition's deficiencies in time for him to seek leave to amend. *See Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992). In *Noll* and *Ferdik,* we held that a pro se litigant filing a civil rights complaint in forma pauperis is entitled to certain procedural protections. These include, among others, a statement of the grounds for dismissal and an "opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment." *Noll,* 809 F.2d at 1448; *see Ferdik,* 963 F.2d at 1261. We recently affirmed the continuing vitality of this rule in *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc).

■ Although *Noll* and *Ferdik* are not habeas cases, their requirement that a pro se complainant be afforded a meaningful opportunity to amend would appear to be applicable here. Federal Rule of Civil Procedure 15(a), which permits amendment of James' petition, "applies to habeas corpus actions with the same force that it applies to garden-variety civil cases."

---

3. James urges that one of his unexhausted claims was in fact exhausted because the claim was presented to the state court of appeal and denied. This procedure is insufficient to exhaust the claim; the claim must be presented to the state supreme court even if that court's review is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

*Taylor,* 134 F.3d at 986 n. 6; *see also* 28 U.S.C. § 2242 (habeas petitions may be "amended or supplemented as provided in the rules of procedure applicable to civil actions"). Thus, even in the habeas context, we "remain guided by 'the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez,* 203 F.3d at 1127 (quoting *Noll,* 809 F.2d at 1448).

We reject the State's contention that James was given sufficient notice of the deficiencies in his petition by the State's motions to dismiss for failure to exhaust. The contents of the State's pleadings are irrelevant on this point. *Noll* and *Ferdik* place the burden on the court. *See Ferdik,* 963 F.2d at 1260–61; *Noll,* 809 F.2d at 1448. Nor is our precedent requiring the dismissal of mixed petitions on point. *See, e.g., Reutter v. Crandel,* 109 F.3d 575, 578 (9th Cir.1997). These cases reiterate the rule in *Rose* that requires dismissal of mixed petitions. *See* 455 U.S. at 522, 102 S.Ct. 1198. They do not address the question of whether the district court must grant leave to amend to delete unexhausted claims. *See Lopez,* 203 F.3d at 1127 (drawing distinction, for purposes of 28 U.S.C. § 1915(e)(2), between dismissal and dismissal without leave to amend).

In sum, reasonable jurists would, at the least, find it debatable whether the district court had an obligation to explain to James, a pro se petitioner proceeding in forma pauperis, why his petition was being dismissed, and to give him leave to amend his petition unless it was clearly apparent that amendment would not cure the deficiency. Although the district court explained the deficiency in James' petition, it did not do so in a manner that permitted James an opportunity to amend his petition. The second requirement of *Slack* therefore has been met.

■ The first requirement of *Slack*—"that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *see Slack,* 120 S.Ct. at 1604—is a different matter. James' petition alleged the denial of one or more constitutional rights, but the merits of those claims have never been tested in district court. The State's motion to dismiss was based on default, untimeliness, and lack of exhaustion of some claims. The merits of James' allegations accordingly were never addressed by the State or the district court, and they have not been briefed in this court.

We conclude that, under *Gatlin,* the issue is now foreclosed for purposes of challenging the certificate of appealability. We have accepted for purposes of this appeal the State's argument that it should be excused from the requirement of raising its objection in a response to James' motion for a certificate of appealability, because 9th Cir. R. 22–1 had not been adopted at the time of James' motion. But the State in its later briefing of this appeal did not challenge the adequacy of James' showing of the denial of a constitutional right in his underlying claim on the merits; it challenged only the eligibility of a procedural ruling for a certificate of appealability.[4] In these circumstances, we conclude that the issuance of the certificate of appealability forecloses, for purposes of this appeal, further inquiry concerning whether James has stated a fairly debatable claim of violation of a constitutional right.[5] *See Gatlin,* 189 F.3d at 887. It would not

---

**4.** We recognize that the State filed its briefs prior to the decision in *Slack.* We do not regard it as unfair, however, to expect the State to anticipate arguments that would become dispositive if we rejected its contention that a procedural ruling cannot qualify for a certificate of appealability.

**5.** The issue of the merits of James' underlying constitutional claim is foreclosed, of course, only for the purposes of the certificate of appealability. If James should ultimately succeed in this appeal, requiring the district court subsequently to address his unexhausted claim, the merits of James' constitutional claim would then be open for decision by the district court.

serve the gatekeeping and efficiency functions of the certificate of appealability to question its validity, after issuance, on a ground never raised by the parties. *See Young v. United States,* 124 F.3d 794, 799 (7th Cir.1997), *cert. denied,* 524 U.S. 928, 118 S.Ct. 2324, 141 L.Ed.2d 698 (1998).[6]

■ We conclude, therefore, that there are no jurisdictional infirmities in the certificate of appealability issued by this court, and that James' appeal is properly before us if it is timely. It follows that the district court erred in its implicit conclusion that James' motion for an extension of time to appeal was moot. We therefore vacate the district court's denial of that motion, and remand for not more than ninety days for the limited purpose of further proceedings to determine whether James' motion for extension of time to appeal is to be granted pursuant to Fed. R.App. P. 4(a)(5).[7] The district court will advise this court of its determination; this panel will retain jurisdiction of the appeal when the proceedings on remand are completed.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

---

6. The merits of the underlying constitutional claim also had not been addressed in *Slack.* The Supreme Court left that issue to be determined on remand. *See Slack,* 120 S.Ct. at 1604. This aspect of *Slack* is distinguishable from our case, however, because in *Slack* no certificate of appealability had been issued. *See id.* at 1601–02.

7. James raises two other procedural issues: whether the district court abused its discretion: (1) by not holding in abeyance, sua sponte, James' petition while he exhausted his unexhausted claims; and (2) by not denying James' unexhausted claims on the merits, despite the lack of exhaustion. It is not necessary to address these issues prior to a determination whether James is to be allowed an extension of time to render his appeal timely.