F I L E D
United States Court of Appeals
Tenth Circuit

JAN 22 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD A. O'DONNELL,

       Petitioner-Appellant,

    v.

ROBERT FURLONG and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

       Respondents-Appellees.

No. 00-1358

D. Colo.

(D.C. No. 99-B-2486)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

Richard O'Donnell, a prisoner in the custody of the state of Colorado,

seeks to appeal the district court's order dismissing without prejudice his petition

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

for a writ of habeas corpus. The district court adopted the report and recommendation of the magistrate judge, who concluded that Mr. O'Donnell's petition constituted a mixed petition, containing some claims for which the exhaustion of state remedies was excused and some claims for which it was not excused. We agree with the analysis of the district court and the magistrate judge, and we therefore deny Mr. O'Donnell's application for a certificate of appealability.

## I. BACKGROUND

As we noted in a prior order and judgment, see O'Donnell v. Brill, No. 99-1216, 1999 WL 605666 (10th Cir. Aug. 9, 1999), a Colorado state court convicted Mr. O'Donnell of eight counts of theft from at-risk adults, fifteen counts of fraud or deceit in the sale of securities, six counts of theft, and violation of the Organized Crime Control Act, Colo. Rev. Stat. § 18-17-101, et seq. The court sentenced him to sixteen years' imprisonment.

Prior to the disposition of his state court direct appeal, Mr. O'Donnell filed a pro se habeas petition in the federal district court in Colorado. He asserted the following claims: (1) the state trial court denied him counsel and forced him to represent himself; (2) the court erred in failing to order a mistrial based on his inability to represent himself; and (3) the court improperly advised the jury to

2

reach a verdict in a couple of hours. Noting that Mr. O'Donnell's state court direct appeal was still pending, the district court concluded that Mr. O'Donnell had failed to exhaust his state remedies and dismissed the case without prejudice.

Mr. O'Donnell then appealed the dismissal of this first federal habeas petition to this court. In our order and judgment, we noted that, in his application for a certificate of appealability, Mr. O'Donnell had raised an additional challenge to the state court proceedings: he "contend[ed] the state district court's failure to provide a complete transcript to the Colorado Court of Criminal Appeals, coupled with the 'excessive amount of appeals in the state of Colorado,' ha[d] caused an inordinate two-year delay of his appeal." O'Donnell , 1999 WL 605666 at *1.

In assessing Mr. O'Donnell's request for a certificate of appealability, we noted that a considerable amount of time had passed without the Colorado Court of Criminal Appeals having adjudicated his appeal. In particular, Mr. O'Donnell filed his notice of appeal in the Colorado appellate court on August 27, 1997. Mr. O'Donnell's appellate counsel requested numerous extensions of time in order to obtain missing trial court records and then filed a motion requesting the appellate court to order reconstruction of the trial record. The court granted the motion and ordered Mr. O'Donnell's counsel to file status reports. When this court issued the prior order and judgment denying Mr. O'Donnell's first

3

application for a certificate of appealability, the status reports indicated that the reconstruction of the record was almost complete. Mr. O'Donnell's counsel reported that he expected to seek "at most" only one more extension of time to file the appellant's brief. Id.

In light of these representations, we concluded that, even though the more-than-two-year delay in adjudicating Mr. O'Donnell's appeal created a presumption of an ineffective appellate process, see id. at *2 (citing Harris v. Champion, 15 F.3d 1538, 1554-56 (10th Cir. 1994)), the state had shown sufficient facts justifying a continuance of the state appellate process before adjudication of the issues raised by Mr. O'Donnell in a federal habeas corpus proceeding. Accordingly, we denied Mr. O'Donnell's application for a certificate of appealability of the dismissal of his federal habeas petition without prejudice.

On December 29, 1999, Mr. O'Donnell filed a second federal habeas petition asserting the following claims: (1) the trial court denied him counsel at pre-trial, trial and sentencing proceedings and forced him to represent himself; (2) the trial court failed to order a mistrial when, prior to closing arguments, he suffered a nervous breakdown that rendered him incompetent to represent himself; (3) the trial court improperly instructed the jury to reach a verdict in a couple of hours; and (4) the trial court relied on an inaccurate presentence report

4

and sentenced him without a hearing.  Mr. O'Donnell again asserted that, because

the delay in the adjudication of the state court appeal violated his due process

rights, he should not be required to exhaust his state remedies.

In the second federal habeas proceeding, a magistrate judge concluded that

the state had failed to justify the continued delay in adjudicating Mr. O'Donnell's

direct appeal.  The magistrate observed that the federal court had dismissed

Mr.O'Donnell's first federal habeas petition only three weeks after the state trial

court had ordered reconstruction of the missing hearing transcripts.  However,

following the dismissal of that first habeas petition, the state had continued to

delay adjudication of the appeal:

> Contrary to the representations in the State's status
> report relied upon by the Tenth Circuit Court of Appeals
> [in the prior order and judgment], the supplemental state
> court record was not filed with and recertified by the
> Colorado Court of Appeals until February 2000, with
> another supplemental record filed in April 2000, six to
> eight months after the [dismissal of the first federal
> habeas petition].  Further, Petitioner's court-appointed
> counsel filed his Opening Brief in May 2000, more than
> eight months after the O'Donnell decision.
> Respondents have not proffered any explanation for why
> it took the trial court more than seven months to
> complete the reconstruction of the missing hearing
> transcripts.  Each of the three hearings for which
> transcripts were requested lasted one-half hour or less.

Rec. doc. 48 at 6 (Magistrate Judge's Report and Recommendation, filed August

15, 2000).

5

Accordingly, the magistrate judge found that the state appellate process had proven ineffective. Nevertheless, she concluded that she could not reach the merits of Mr. O'Donnell's claims. She noted that Mr. O'Donnell had raised in his second habeas petition two claims that he had not raised in his direct appeal in the state courts: (1) his challenge to the trial court's alleged instruction to the jury to reach a verdict in a couple of hours; and (2) his argument that the trial court had relied on an inaccurate presentencing report and had failed to conduct a hearing. Thus, Mr. O'Donnell had filed a mixed petition, one containing exhausted and unexhausted claims. The magistrate judge recommended dismissal of the petition without prejudice. The district court adopted her recommendation.

## II. DISCUSSION

In his application for a certificate of appealability, Mr. O'Donnell contends that the district court erred in dismissing his petition without prejudice. He observed that, after the magistrate issued her report and recommendation, he filed a "Motion/Amendment to Pending Habeas Corpus Petition." See Rec. doc. 49. In that motion, Mr. O'Donnell informed the district court that he was withdrawing the two claims that the magistrate judge had found to be unexhausted. Mr. O'Donnell now maintains that, in light of his withdrawal of these claims, the district court should have proceeded to hear his other claims

6

rather than dismissing his petition without prejudice.

In Rose v. Lundy , 455 U.S. 509, 522 (1982), the Supreme Court held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." This rule is intended to reduce piecemeal litigation, so that "the district court will be more likely to review all of the prisoner's claims in a single proceeding, thus proving for a more focused and thorough review." Id. at 520. The Court added that application of this total exhaustion rule would not impair prisoners' interest in obtaining speedy federal relief on their claims: "[a prisoner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." Id.; see also Harris v. Champion , 48 F.3d 1127, 1130 (10th Cir. 1995) (discussing Rose).

Contrary to Mr. O'Donnell's argument, Rose did not require the district court, after issuance of the magistrate's report and recommendation, to allow Mr. O'Donnell to amend his petition instead of dismissing it without prejudice. What matters is Mr. O'Donnell's right to assert the claims that he has already raised in the state court direct appeal. Because the district court's ruling allows him to asserts these claims by filing a petition in a new case, the fact that the court did not allow him to file an amended petition in the instant action is not significant. [1]

---

[1]  In several recent decisions, the Ninth Circuit has concluded that there may be instances in which the district court is required to allow a prisoner to amend a habeas petition (such that it asserts only exhausted claims) rather than

7

Thus, we conclude that the district court did not err in dismissing Mr. O'Donnell's second federal habeas petition without prejudice.

## III. CONCLUSION

We therefore DENY Mr. O'Donnell's application for a certificate of appealability and DISMISS this appeal. Mr. O'Donnell's motion for partial substitution of respondents is denied.

Entered for the Court,

Robert H. Henry
United States Circuit Judge

---

dismissing it.  See, e.g. , Anthony v. Cambria  , No. 99-15458, 2000 WL 1838960 (9th Cir. Dec. 15, 2000);  James v. Giles  , 221 F.3d 1074, 1077 (9th Cir. 2000). However, these decisions are grounded on concerns that, if the prisoner is not allowed to amend a petition prior to dismissal, the petition may be barred by the statute of limitations.  See, e.g. , Anthony , 2000 WL 1838960, at *5 ("Prior to the advent of AEDPA, dismissal without prejudice to the filing of a new, exhausted petition caused no detriment to the petitioner, because there was no time limitation on the filing of a federal habeas petition. AEDPA's one-year statute of limitations, however, has rendered outright dismissal perilous to some litigants, because petitioners such as Anthony may find themselves time-barred when they attempt to resubmit their exhausted claims to the district court.").

Here, Mr. O'Donnell has identified no statute of limitations problems that would result if he is required to file a new habeas action containing only the claims that he previously raised in the state court direct appeal, and no such problems are apparent to us. Moreover, unlike the Ninth Circuit, this circuit has not held that there are certain instances in which a district court is required to allow a habeas petitioner to amend his petition rather than dismissing it without prejudice.