Daniel E. SOLTERO, Petitioner–Appellant,

v.

Bert RICE, Warden;  Attorney General of the State of California, Respondents–Appellees.

No. 99–56666.

D.C. No. CV–99–01576–CBM.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.[*]

Decided May 29, 2001.

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

MEMORANDUM [**]

California state prisoner Daniel Soltero appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of a § 2254 petition, *see Jiminez v. Rice,* 222 F.3d 1210, 1212 (9th Cir.2000), and consider the issue of whether the district court erred by dismissing without prejudice Soltero's § 2254 petition as unexhausted without informing him that he may amend his petition to delete unexhausted claims. We reverse and remand.

At the time the district court dismissed Soltero's § 2254 petition, it did not have the benefit of our decisions in *Anthony v.*

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Cambra,* 236 F.3d 568 (9th Cir.2000), and *James v. Giles,* 221 F.3d 1074 (9th Cir. 2000). Both *Anthony* and *James* require that in light of the statute of limitations imposed upon the filing of federal habeas corpus petitions by the Antiterrorism and Effective Death Penalty Act, prisoners who file mixed petitions must be given an opportunity to strike their unexhausted claims and amend or resubmit their petitions so as to relate back to the date of their original filing. *Anthony,* 236 F.3d at 573; *James,* 221 F.3d at 1075–78. Because the district court did not provide Soltero with such an opportunity, we reverse and remand to the district court for further consideration in light of *Anthony* and *James.*

REMANDED.[1]

---

1. Soltero raises a variety of other claims for which no certificate of appealability was granted. Because the district court did not have the initial opportunity to consider these claims on their merits, we will not consider them now.

