Charles Roger JORSS, Petitioner–Appellant,

v.

James H. GOMEZ, Director, Respondent–Appellee.

No. 99–16986.

United States Court of Appeals, Ninth Circuit.

Submitted* Feb. 16, 2001

Filed Sept. 4, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. 34(a)(2).

Charles Roger Jorss, Pro Per, Ione, California, petitioner-appellant.

Ross C. Moody, Deputy Attorney General, Office of the Attorney General of the State of California, San Francisco, California, for the respondent-appellee.

Before: SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

Opinion by Judge TALLMAN: Dissent by Judge WALLACE.

RICHARD C. TALLMAN, Circuit Judge:

Charles Roger Jorss, a California state prisoner, appeals pro se the district court's dismissal of his habeas petition as time-barred under 28 U.S.C. § 2244(d). Jorss argues that equitable tolling should apply because he diligently pursued his claims and his petitions were found to be time-barred due to extraordinary circumstances beyond his control. We agree and reverse.

## I

Jorss is serving 188 years for forcible sexual molestation under a sentence imposed by the Santa Cruz County Superior Court on May 5, 1994. The one-year statute of limitation period under the Antiterrorism and Effective Death Penalty Act (AEDPA) began to run in Jorss's case on April 24, 1996. *See* 28 U.S.C. § 2244(d)(1); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). However, due to statutory tolling, the time did not elapse while Jorss was properly pursuing his state post-conviction remedies. *See* 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir.1999).

On September 27, 1995, the California Supreme Court denied his petition for review on direct appeal. That petition raised three claims. On February 20, 1997, Jorss filed a state habeas petition containing nine additional claims. Then on April 18, 1997, while this state petition was

still pending before the California Supreme Court, Jorss filed a timely § 2254 petition and a motion to stay the federal petition pending exhaustion of his state claims. On April 22, 1997, a deputy clerk for the Northern District of California returned his § 2254 petition and motion, refusing to file it or to refer it to a United States district judge for review on the merits.

■ On May 28, 1997, the California Supreme Court denied Jorss's habeas petition and, under the California Rules of Court, the decision became final 30 days later on June 27, 1997. On July 7, 1997, Jorss filed a subsequent § 2254 petition raising a total of 12 claims including the nine claims recently rejected by the California Supreme Court and the three claims which had been raised and rejected on direct appeal to the California Supreme Court in 1995. This subsequent petition is not a "second or successive petition" within the meaning of AEDPA because the initial petition submitted to federal court was not filed by the clerk.

■ On August 5, 1997, the district court erroneously concluded that three of the 12 claims had not been exhausted because Jorss had raised only the other nine claims in his state habeas corpus petition. Accordingly, it summarily dismissed the § 2254 petition for failure to exhaust state remedies without prejudice to refiling.

Because the district court erroneously found that the July 7, 1997, petition included both unexhausted claims and exhausted claims, the district court dismissed without prejudice what it wrongly concluded was a "mixed" petition. Notwithstanding its error, the district court should have dismissed with leave to amend or otherwise provided Jorss with the opportunity to delete the ostensibly "unexhausted" claims prior to entry of judgment of dismissal. *See James v. Giles,* 221 F.3d 1074, 1077 (9th Cir.2000).

■ Jorss promptly sought reconsideration.[1] Six days after the court's dismissal, on August 11, 1997, he re-filed his § 2254 petition, raising the same 12 claims which were all legally exhausted. The filing of this subsequent petition is also not a "second or successive petition" under AEDPA because none of the previously submitted petitions were adjudicated on the merits. *See Slack v. McDaniel,* 529 U.S. 473, 475, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Two years later, on April 12, 1999, the district court dismissed this § 2254 petition as time-barred under AEDPA. Jorss timely appeals. The district court granted a Certificate of Appealability as to "whether equitable tolling applied."

## II

■ We have permitted the equitable tolling of AEDPA's limitation period "only

1. Contrary to the dissent's analysis, this case is significantly different from cases such as *Green v. White,* 223 F.3d 1001, 1002 (9th Cir.2000), where the petitioner had *accepted* the *proper* dismissal of his truly mixed petition and, after exhausting state remedies, filed his renewed petition and attempted to have it relate back to an earlier, properly dismissed petition. In that circumstance, we rejected the argument that the petition relates back in time as an amendment because nothing remained of the earlier proceeding. *See id.* Here, Jorss did not *accept* the dismissal of a mixed petition and return to state court in August 1997. He actively litigated the propri-

ety of the dismissal. *Cf. Anthony v. Cambra,* 236 F.3d 568, 574 n. 1 (9th Cir.2000) (distinguishing *Green, Van Tran v. Lindsey,* 212 F.3d 1143 (9th Cir.2000), and *Henry v. Lungren,* 164 F.3d 1240 (9th Cir.1999) on the fact of acceptance). Furthermore, neither of Jorss's dismissed petitions was truly mixed. They each contained only legally exhausted claims and thus the dismissals were not *proper.* Accordingly, case law interpreting the acceptance of proper dismissals of mixed petitions is inapposite. The only issue properly before us is the availability of equitable tolling due to extraordinary circumstances beyond Jorss's control.

if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles*, 187 F.3d at 1107. *See Tillema v. Long*, No. 00–15974 (9th Cir. Aug. 3, 2001). In *Miles*, we recognized that despite the fact that the petitioner diligently prepared and submitted his petition a few days before the expiration of his time under AEDPA, the prison officials caused the petition to be submitted after his time had expired. *See* 187 F.3d at 1107. We held that the delay resulting from the prison authorities' failure to mail his petition to the district court was beyond petitioner's control and was an extraordinary circumstance. *See id.*

██ Here, we hold that the district court's erroneous dismissal of Jorss's prior petitions as unexhausted, rather than his lack of diligence, accounts for his failure to timely file a § 2254 petition. Because he has demonstrated that extraordinary circumstances beyond his control prevented him from timely filing a federal habeas petition, the statute of limitation during which his previous petition was pending in federal court is equitably tolled. *See id.* The district court should address the petition on the merits.

**VACATED and REMANDED.**

WALLACE, Circuit Judge, dissenting:

Because the majority's decision to toll equitably the limitations period of the Antiterrorism and Effective Death Penalty Act (AEDPA) contravenes circuit precedent, I respectfully dissent.

The majority, in effect, holds that Jorss's filing of a second petition for habeas corpus on August 11, 1997, equitably relates back to his first petition, dismissed by the district court on August 5, 1997, because the district court erred when it dismissed Jorss's first petition without prejudice. This circuit has explicitly held, however, that "a second habeas petition

does not relate back to a first habeas petition when the first habeas petition was dismissed for failure to exhaust state remedies" because in such a case there is "no pending petition to which the new petition could relate back or amend." *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2000) (internal quotation marks omitted); *see also Dils v. Small*, 260 F.3d 984, 986–87 (9th Cir.2001); *Van Tran v. Lindsey*, 212 F.3d 1143, 1148 (9th Cir.2000) ("[A] second petition does not relate back to a first petition where the first petition was dismissed for failure to exhaust state remedies."); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir.1999) ("The district court did not expressly or impliedly retain jurisdiction over Henry's original petition when the court dismissed for failure to exhaust. Because Henry's original habeas action was dismissed in 1995, there was no pending petition to which Henry's new 1997 petition could relate back or amend."). *Anthony v. Cambra*, 236 F.3d 568 (9th Cir.2000), is not to the contrary. There we held that a district court did not abuse its discretion by reviewing an untimely petition when it had improperly dismissed a prior, timely petition without first granting leave to amend. *Id.* at 574. That opinion did not hold—nor could it without overruling *Green*, *Dils*, *Van Tran*, and *Henry*—that a second, untimely petition may relate back to a prior, timely petition where the district court has refused to review the second petition.

The question presented to us is, therefore, whether Jorss's petition may be saved by "equitable tolling," not relation back, in order to avoid a conflict with *Green*, *Van Tran*, and *Henry*. There are at least two serious problems with that approach. First, our case law is clear that equitable tolling of AEDPA's limitation period is allowed "only if *extraordinary* circumstances beyond a prisoner's control make it *impossible* to file a petition on

time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) (internal quotation marks omitted) (emphasis added). The district court's erroneous dismissal did not, however, create a circumstance making it "impossible to file a petition on time." *Id.; see also Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir.2001) ("[T]he prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness."). Jorss had the ability to appeal the district court's decision to dismiss his first petition to this court. *See* 28 U.S.C. § 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States."). The majority states that "Jorss promptly sought reconsideration." That is true, but he did not use the channel that would have avoided the limitations problem. Jorss, not the district court, is the "but-for and proximate cause of his [own] untimeliness." *Allen*, 255 F.3d at 800.

In addition, equitable tolling cannot assist Jorss, in the absence of some form of relation back, in tolling the period from August 5 to August 11, 1997. The question whether the AEDPA limitations period may be tolled by a pending *federal* petition has recently been addressed by the Supreme Court, .which squarely rejected the proposition that "a properly filed federal habeas petition tolls the limitation period." *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 2124, 150 L.Ed.2d 251 (2001).

Because our circuit precedent is clear that an untimely petition does not relate back to a dismissed petition over which there is no longer jurisdiction and because Jorss does not meet the requirements for equitable tolling, I respectfully dissent.