**McNeece HAM, Petitioner–Appellant,**

v.

**Ernie ROE, Warden, Respondent–Appellee.**

No. 01–15197.

D.C. No. CV–00–396–EJG.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 24, 2001.

Before REINHARDT, GRABER, and BERZON, Circuit Judges.

MEMORANDUM **

McNeece Ham appeals the district court's dismissal of his application for writ of habeas corpus as time-barred under the 28 U.S.C. § 2244(d) one-year statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir.2001), and we affirm.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. *See* 28 U.S.C. § 2244(d)(1). State prisoners, like Ham, whose convictions became final prior to the enactment of the AEDPA, had a one-year grace period, starting on April 24, 1996, in which to file their petitions in federal court. *See Hasan*, 254 F.3d at 1153. Because Ham's petition was not filed until February 24, 2000, the petition was untimely, unless he is entitled to relief under 28 U.S.C. § 2244(d)(1)(D) or equitable tolling excused the delay.

Ham contends that his AEDPA one-year limit did not begin run until June 19, 1999, under 28 U.S.C. 2244(d)(1)(D), because his investigation did not reveal *all the facts* to support his claim until that time. Section 2244(d)(1)(D) states that the one-year limit begins to runs from "the date on which the factual predicate of the claim or claims

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

presented could have been discovered through the exercise of due diligence." The record in this case shows, however, that Ham was aware of the facts supporting his claim during his trial in September 1993 and that his subsequent investigation only produced evidentiary support for his already existing claim. The district court, therefore, properly determined that section 2244(d)(1)(D) did not apply and that his petition was untimely. *See Hasan*, 254 F.3d at 1154, n. 3 (stating the statute of limitations begins to run when prisoner "knows" the important facts, not when the prisoner recognizes their legal significance).

In addition, the district court properly determined that equitable tolling was not warranted because Ham's lengthy investigation did not constitute an extraordinary circumstance beyond his control making it impossible to file his petition on time. *See Jorss v. Gomez*, No. 99–16986, 266 F.3d 955, 2001 WL 1002064, *2 (9th Cir. Sept. 4, 2001). Accordingly, the district court properly dismissed Ham's federal habeas petition as time-barred.

AFFIRMED.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2001.

Decided Oct. 26, 2001.

As Amended on Denial of Rehearing Jan. 4, 2002.

[*] Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.