**Michael Wiley WALDO, Petitioner–Appellant,**

v.

**Edward S. ALAMEIDA, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 00–55831.

D.C. No. CV–99–074455–JSL.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.[*]

Decided Jan. 23, 2002.

---

12. *Tillema*, 253 F.3d at 503 (quoting *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir.2000)).

13. *Id.* at 504.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**262**

Before KLEINFELD, HAWKINS and SILVERMAN Circuit Judges.

MEMORANDUM **

Michael Wiley Waldo appeals the district court's dismissal of his 28 U.S.C.

§ 2254 petition for habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Waldo's habeas petition, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we vacate and remand.

Waldo contends that the district court's dismissal without prejudice of both his first and second federal habeas petitions did not dismiss the action in its entirety, and thus his third exhausted federal petition "related back" to his earlier timely petitions. We granted a certificate of appealability on two issues: (1) whether the district court properly dismissed the petition as time-barred; and (2) whether there are any grounds for equitable tolling.

Waldo's conviction became final on June 11, 1998, and absent any tolling of the one-year limitations period, his federal petition would have been due on June 11, 1999. *See* 28 U.S.C. § 2244(d)(1)(A); *Tillema v. Long,* 253 F.3d 494, 498 (9th Cir.2001). Waldo, who at that time was proceeding pro se, filed his first federal petition sometime between March 1, and March 18, 1999; the district court nevertheless summarily dismissed the petition as unexhausted, and gave Waldo the opportunity to file an amended petition "clarifying whether he ha[d] exhausted his state judicial remedies."

Despite the district court giving Waldo the opportunity to file an amended petition, it did not expressly provide Waldo "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *see also Tillema,* 253 F.3d at 503; *Anthony v.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Cambra,* 236 F.3d 568, 573–74 (9th Cir. 2000); and *James v. Giles,* 221 F.3d 1074, 1077–78 (9th Cir.2000).

Nevertheless, Waldo filed his amended federal petition on April 26, 1999. The district court, however, again summarily dismissed Waldo's petition without providing him with the right to amend to delete his unexhausted claim as an alternative to suffering dismissal. Moreover, by the time the district court denied Waldo's combined Rule 60 motion/Request for Leave to Amend on June 30 1999, the applicable one-year limitations period had expired thereby rendering Waldo's July 12, 1999 petition untimely.

 Although the district court properly concluded that Waldo was not entitled to statutory tolling for the time during which his prior federal habeas petition was pending, *see Duncan v. Walker,* 531 U.S. 167, ——, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251, —— (2001), (limiting statutory tolling under section 2244(d)(2) to state-not federal-petitions), we have previously concluded that the one-year limitation period should be equitably tolled where the district court dismissed a prior federal habeas petition without affording the petitioner an opportunity to delete his unexhausted claim as an alternative to suffering dismissal. *Tillema,* 253 F.3d at 503; *Jorss v. Gomez,* 266 F.3d 955, 957–58 (9th Cir.2001) (concluding that district court's improper dismissal of prior petition as unexhausted constituted circumstance beyond petitioner's control, which warranted equitable tolling of one-year limitations period).

Because Waldo was not given an opportunity to delete his unexhausted claim, which otherwise would have rendered his petition timely, we vacate and remand for further proceedings consistent with this memorandum disposition.

**VACATED and REMANDED.**