**Ramiro Medina GUTIERREZ, Petitioner–Appellant,**

v.

**R.Q. HICKMAN, Warden, Respondent–Appellee.**

No. 01–16025.

D.C. No. CV–99–01511–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 21, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

California state prisoner Ramiro Medina Gutierrez appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, review de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999), and affirm.

Gutierrez contends that he is entitled to equitable tolling for the time during which his first habeas petition, which was properly dismissed as unexhausted, was pending in the district court. We reject this contention.

Contrary to *Jorss v. Gomez,* 266 F.3d 955, 957–58 (9th Cir.2001), on which Gutierrez relies, the district court did not erroneously dismiss his unexhausted petition. *See* 28 U.S.C. § 2254(b). Moreover, Gutierrez fails to allege extraordinary circumstances that warrant equitable tolling. *See Miles,* 187 F.3d at 1107 (concluding that equitable tolling is available only where extraordinary circumstances beyond a petitioner's control make it impossible to file a timely petition). The district court, therefore, properly dismissed Gutierrez's petition as untimely.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).