**Patrick RICHARDSON, Petitioner–Appellant,**

v.

**G.M. GALAZA, Respondent–Appellee.**

**No. 00–15871.**

**D.C. No. CV–97–20847–JF.**

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2002.*

Decided June 7, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2)(C).

Before HUG and BERZON, Circuit Judges, and LASNIK,** District Judge.

## MEMORANDUM ***

Petitioner–Appellant Patrick Richardson ("Richardson"), a California state prisoner, appeals from a dismissal without prejudice of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have appellate jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse and remand.

## BACKGROUND

Richardson's original habeas petition, filed in the Northern District of California on September 24, 1997, contained four fully-briefed claims, including the allegation there had been insufficient evidence for the finding at his trial that an unlawful penetration had been the natural consequence of a conspiracy. His petition also mentioned, but did not brief, other claims that he wanted reviewed by the federal court after exhaustion in the state court system, including a claim of ineffective assistance of counsel at trial and appeal.

On April 27, 1998, United States District Judge Ronald M. Whyte of the Northern District of California, to whom the case was originally assigned, dismissed three of the four fully-briefed claims in the habeas petition. However, the unlawful penetration claim was considered "cognizable" and not dismissed. Judge Whyte also noted that even though Richardson had missed the deadline for filing his habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), he had shown "a colorable basis for equitable tolling." Judge Whyte then granted Richardson a stay so he could exhaust the new claims in state court. Richardson proceeded to do so and, on January 19, 1999, filed a petition to consolidate his newly-exhausted claim of ineffective assistance of counsel with his pending federal habeas petition.

On November 10, 1999, District Court Judge Jeremy Fogel of the Northern District of California ruled that the unlawful penetration claim in the original petition had not, in fact, been exhausted. He therefore dismissed it "without prejudice to filing a new petition containing the same claim after petitioner has exhausted his state court remedies." As to Richardson's newly-exhausted claim, Judge Fogel felt that it would now create a mixed petition that would have to be dismissed under the rule of *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Alternatively, the court concluded that amendment of the petition would constitute abuse of the writ. The court therefore denied Richardson's motion to add the ineffective assistance of counsel claim. This appeal followed.

## STANDARD OF REVIEW

■ Generally, a district court's denial of a motion to amend is reviewed under an

---

** Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

abuse of discretion standard. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, where, as here, the denial results in dismissal, *de novo* review applies. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996) (quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991)).

## DISCUSSION

■ Fed.R.Civ.P. 15(a) states: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." FED. R. CIV. P. 15(a). "[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.... Federal Rule of Civil Procedure 15(a) ... applies to habeas corpus actions and *requires* district courts to allow amendment of mixed federal habeas petitions." *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir.2000) (emphasis added). *See also James v. Giles*, 221 F.3d 1074, 1077–78 (9th Cir. 2000). Furthermore, it is error to dismiss an amended petition under the abuse of the writ doctrine after the petitioner has exhausted his claims in the state court system. *See Anthony*, 236 F.3d at 572.

■ Therefore, it is clear that the reasons articulated by the district court in dismissing Richardson's petition are now invalid as a matter of law in this Circuit. Respondent concedes this but asks the Court to affirm on alternative grounds. Respondent claims that the petition is untimely or that the amendment cannot relate back to the original petition. However, the issue of timeliness of the petition has not been fully briefed by the parties and was not decided by the court below.

Whether Richardson's petition is time-barred depends on whether equitable or statutory tolling applies. Tolling is a factual issue better left to the district court. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam). Whether the amendment relates back to the original petition is best decided after the timeliness of the original petition is determined.

The district court's decision is reversed. Richardson should be given the opportunity to amend his petition to state only exhausted claims. Since the petition will be facially untimely, the district court should determine whether equitable or statutory tolling applies.[1] If the original petition is not time-barred, the district court will also need to determine whether Richardson's amendment relates back to the original petition.

## REVERSED AND REMANDED.

---

1. Richardson's motion to take judicial notice of his state court proceedings to support his claim of tolling should therefore be brought before the district court.