**Mitchell MOORE, Petitioner– Appellant,**

v.

**Larry SMALL, Warden, Respondent– Appellee.**

No. 01–57169.

D.C. No. CV–01–02898–ABC.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Hon. Frederick J. Martone, United States District Judge for the District of Arizona, sitting by designation.

Submitted March 10, 2003.*

Decided May 13, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM**

California state prisoner Mitchell Moore appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we reverse and remand in part and affirm in part.

Moore contends that the district court erred when it dismissed his first petition as completely unexhausted. Moore is correct, because he raised a federal due process claim concerning "bad acts" evidence on direct appeal and then in his petition for review by the California Supreme Court. He argued that not only was the evidence improperly admitted under state law, but it also "was of such quality as to prevent a fair trial," and he cited *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (1991) (stating that the improper admission of evidence violates due process when it renders the trial fundamentally unfair). Thus, Moore's first petition was mixed, and he should have been given the opportunity to abandon his unexhausted claims and proceed on the exhausted one. *See*

*James v. Giles*, 221 F.3d 1074, 1077 (9th Cir.2000).

Because Moore was not given this opportunity, his second petition relates back to the date the first petition was filed, in so far as the second petition raises claims that were raised in his first petition. *See Ford v. Hubbard*, 305 F.3d 875, 887–89 (9th Cir.2002).[1] Moore's second petition is therefore timely as to four claims: (1) appellate counsel's ineffectiveness; (2) Sixth Amendment claim regarding reasonable doubt standard; (3) improper delegation of sentencing authority; and (4) "bad acts" evidence.

Moore's second petition also raises four new claims. Moore contends that the petition is timely as to these claims because of equitable tolling. However, he is not entitled to equitable tolling because he has not alleged extraordinary circumstances beyond his control that made it impossible for him to file a petition on time. *See Miranda v. Castro*, 292 F.3d 1063, 1066–67 (9th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002) (stating that ordinary negligence and legal mistakes do not give rise to equitable tolling).

For these reasons, we reverse the district court's dismissal as to the four claims raised in both the first and second petitions and remand for further proceedings on these claims. We affirm the district court's dismissal as to the four claims raised for the first time in the second petition.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Moore's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. This rule extends to claims that were not exhausted in the first petition, because the court could have stayed an amended petition raising only exhausted claims and then allowed relation back for the other claims after they were exhausted. *Ford v. Hubbard*, 305 F.3d 875, 889 (9th Cir.2002).

REVERSED AND REMANDED in part; AFFIRMED in part.