**Osbun WALTON, Petitioner— Appellant,**

v.

**Tom CAREY, Warden, Respondent— Appellee.**

No. 02–55577.

D.C. No. CV–00–08118–GHK(RC).

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2005.*

Decided April 15, 2005.

Osbun Walton, San Diego, CA, pro se.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Petitioner–Appellant.

Richard S. Moskowitz, Jim Hart, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before WARDLAW and BERZON, Circuit Judges, and FITZGERALD,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

### ORDER***

Petitioner Osbun Walton seeks habeas relief on three grounds: (1) that he suffered a *Batson* violation of his equal protection rights; (2) that he received constitutionally ineffective assistance of counsel when his counsel failed to request a jury instruction on accomplice liability; and (3) that he received constitutionally ineffective assistance when his appellate counsel failed to argue trial counsel's errors on direct appeal. Pursuant to 9th Cir. R. 22-1(e), we construe Walton's opening brief as a motion to expand his previously-granted COA to include these three grounds.

A petitioner must receive a certificate of appealability ("COA") on a claim before this circuit can grant relief. 28 U.S.C. § 2253(c)(1). Walton received a COA, limited to the issue of whether the district court erroneously dismissed his habeas petition as untimely. That issue is moot, as the district court vacated its original decision and ultimately denied Walton's petition on the merits. Nevertheless, "[w]hile the 'issuance of a certificate of appealability is a prerequisite to our assertion of jurisdiction, once that certificate is issued, we have jurisdiction even if the certificate was arguably "improvidently granted." ' " *Phelps v. Alameda*, 366 F.3d 722, 726 (9th Cir.2004) (quoting *James v. Giles*, 221 F.3d 1074, 1076 (9th Cir.2000)). Thus, although there is no question that the certified issue is moot, we still have jurisdiction in this case to address expanding the COA.

We expand Walton's COA to include the following two issues:

(1) Whether the California Court of Appeal's finding that the prosecutor did not commit a *Batson* violation was unreasonable or contrary to clearly established law?

(2) Whether the failure of Walton's counsel to request CALJIC 3.18, a jury instruction concerning accomplice testimony, constitutes constitutionally ineffective assistance of counsel?

We deny the request to expand the COA to include the ineffective assistance of appellate counsel claim.

In accordance with 9th Cir. Rule 22-1(f), the government is entitled to respond to these previously uncertified issues. The Clerk's Office is directed to set a new briefing schedule in this matter, to begin after the Supreme Court issues a decision in *Johnson v. California*, No. 04-6964, and to refer the case to an available panel for consideration on the merits.

**SO ORDERED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.