**Robert Lee LOTT, Petitioner–Appellant,**

v.

**Glenn A. MUELLER, Warden, Respondent–Appellee.**

No. 00–55805.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2002.

Filed Sept. 19, 2002.

Darlene M. Ricker, Ricker & Mercado, Beverly Hills, CA, for the petitioner-appellant.

Renee Rich, Deputy Attorney General, Los Angeles, CA, for the respondent-appellee.

Before SCHROEDER, Chief Judge, CUDAHY,* and McKEOWN, Circuit Judges.

Opinion by Judge CUDAHY; Concurrence by Judge McKEOWN.

---

\* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the United States Court of Appeals, Seventh Circuit, sitting by designation.

CUDAHY, Circuit Judge.

On July 23, 1993, Robert Lott was sentenced by a California state court to a nineteen-year prison term for narcotics trafficking. During the last several years, Lott has been pursuing his post-conviction remedies in both state and federal court. In the case now before us, Lott appeals the decision of the district court that his federal habeas petition was untimely under 28 U.S.C. § 2244(d)(1). Because our case law as applied to the particular facts of this case entitles Lott to equitable tolling, we vacate the decision of the district court and remand for further proceedings.

I

The sole issue before us is whether federal review of the appellant's petition for a writ of habeas corpus is barred by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Lott's federal habeas petition was originally filed on November 20, 1997. After extensive proceedings related to exhaustion of state remedies, the district court eventually referred Lott's habeas petition to a magistrate judge. On November 17, 1999, the magistrate judge filed a report and recommendation concluding that Lott's petition was untimely by at least thirty-seven days. The district court subsequently adopted these findings and recommendations and dismissed Lott's habeas petition with prejudice on February 23, 2000. On April 28, 2000, the district court granted Lott's request for a certificate of appealability, pursuant to 28 U.S.C. § 2253, on the issue whether a federal habeas petition, which is later dismissed for failure to exhaust state remedies, tolls the period of limitation under § 2244(d)(2). On October 17, 2000, this court broadened the certificate of appealability to include the issues of equitable and statutory tolling.

The Supreme Court's decision in *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), has foreclosed Lott's timeliness argument under § 2244(d)(2) by restricting the benefit of tolling to exhaustion of state, as opposed to federal, remedies. Therefore, this appeal is confined to the two remaining tolling arguments. First, Lott asserts that he is entitled to equitable tolling for the eighty-two (82) day period when a state-imposed impediment prevented him from accessing his legal files. Alternatively, Lott claims that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B) for the same eighty-two day period covering the same denial of access to legal files.

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA took effect on April 24, 1996, and imposes a one-year statute of limitation for prisoners in state custody to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1).[1] A state prisoner challenging a non-capital state conviction or sentence must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). State prisoners, the relevant judgment against whom became final prior to the date of enactment of the AEDPA, had until April 24, 1997, one year from the effective date of the AEDPA, to file a petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 406, 151 L.Ed.2d 308 (2001). Because the California Supreme Court denied Lott's petition for direct review on December 13, 1995

---

**1.** Under § 2244(d)(1), "A–1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

(i.e., before the AEDPA took effect), the April 24, 1997, deadline applies to Lott.

■ However, two additional factors extend the April 24, 1997, filing period. First, the AEDPA provides that a prisoner is entitled to tolling for the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett,* 531 U.S. 4, 5, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). According to the district court's calculation, this period of pendency of his state petition extended Lott's filing deadline an additional 161 days. Second, this court has recently determined that the denial of a habeas petition by the California Supreme Court becomes final thirty days after the denial is filed; thus, for purposes of calculating tolling under § 2244(d)(2), the case is still "pending" until thirty days after the denial has been filed. *See Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (per curiam) (quoting Rule 24 of the California Rules of Court, "A decision of the Supreme Court becomes final 30 days after filing.").

■ After these tolling considerations have been taken into account, the State maintains that Lott's allowable time for filing a federal petition "was tolled until October 31, 1997, 190 days after April 24, 1997." Since Lott's federal habeas petition was in fact filed on November 20, 1997, the State asserts that Lott's petition was untimely by twenty days. However, Lott claims that he is entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail. *See Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999) (applying mailbox rule in context of

habeas petition). Accepting Lott's representation that he "completed, copied, and mailed his petition on November 7, 1997," his petition was still untimely by seven days.

However, during the statutory period for filing his federal habeas petition, Lott was a claimant and witness in an unrelated civil court matter in Sonoma County, California. On two occasions in 1997, Lott alleges that he was temporarily transferred from Folsom prison to another state detention center in order to facilitate necessary court appearances. The first transfer lasted thirty-seven days (from April 6 to May 22), and the second lasted forty-five days (from August 12 to September 26). During these two transfers, which totaled eighty-two days, Lott claims that he was deprived of access to legal materials except for certain files related to the civil proceedings for which he was being transferred; in fact, files related to his federal habeas petition were kept in storage at Folsom prison.

To support his allegations, Lott has submitted a copy of the prison transfer log, which details Lott's movements by date. He has also provided an affidavit by James Nichols, who is an inmate worker in Receiving and Shipping at Folsom. The declaration by inmate Nichols includes the following excerpt:

> It is the policy and practice of Folsom that inmates being transported out to court be allowed to transport with only the legal materials necessary to the case for which they are being transported. Inmate Lott was transported by Tri-County Transportation system. Tri County will not transport a prisoner with more than a single box. Inmate Lott was not allowed to transport with any legal materials other than those pertaining to the Sonoma case. All of his

remaining property was stored in the R & R Annex until his return.

The state asserts that Lott presented this tolling claim and supporting evidence for the first time in his traverse. Therefore, because the district court ruled that Lott's habeas petition was untimely, the state has not yet had an opportunity to investigate or present evidence potentially contradicting the factual basis of Lott's claim and supporting submissions.

## II

■ A district court's decision to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254 is reviewed de novo. *See Fields v. Calderon,* 125 F.3d 757, 759–60 (9th Cir.1997), *cert. denied,* 523 U.S. 1132, 118 S.Ct. 1826, 140 L.Ed.2d 962 (1998). Dismissal of a habeas petition on statute of limitation grounds is also reviewed de novo. *See Ellis v. City of San Diego,* 176 F.3d 1183, 1188 (9th Cir.1999). The district court's findings of facts are reviewed for clear error. *See Moran v. McDaniel,* 80 F.3d 1261, 1268 (9th Cir. 1996). Questions of law are reviewed de novo. *See Canales v. Roe,* 151 F.3d 1226, 1228–29 (9th Cir.1998).

## A

■ In this circuit, equitable tolling of the filing deadline for a habeas petition is available "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles,* 187 F.3d at 1107 (quoting *Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530, 541 (9th Cir.1998) (en banc), *cert. denied,* 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999)). In addition, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." *Miles,* 187 F.3d at 1107.

■ In the case now before us, Lott alleges that, while he was away from Folsom, he was denied access to the legal files related to his federal habeas petition for eighty-two days. On September 26, 1997, when Lott claims that his files were made available to him following his second temporary transfer, the final date for filing his federal habeas petition was by no means clear. Prior to our ruling in *Bunney,* 262 F.3d at 974, a California state prison inmate could have reasonably believed that his federal habeas filing deadline was no longer being tolled as of the day the California Supreme Court denied the petition for review. In fact, both the district court and Lott's brief in this appeal assume that the date of denial of the review petition, rather than a date thirty days thereafter, is the correct point of reference for calculating Lott's AEDPA filing period. On August 28, 2001, which was approximately twenty-one days *after* Lott filed his opening brief in the case now before us, the Ninth Circuit issued its decision in *Bunney.* As a result, the State correctly relied on that·opinion in its reply brief, filed on September 21, 2001, to calculate Lott's AEDPA filing period as extended for 190 rather than 161 days. Edging closer but still no cigar, Lott's petition under this more generous calculation was still untimely by either seven or twenty days, depending upon the applicability of the mailbox rule.

The proper filing date for a federal habeas petition under the AEDPA is a matter of grave importance to affected prisoners because after that date their ability to challenge the lawfulness of their incarceration is permanently foreclosed. Prior to this court's ruling in *Bunney,* the best estimate for the end of Lott's permissible habeas filing period was October 1, 1997, which was the calculation made by the district court. Therefore, on September 26, 1997, when Lott regained access to his

legal documents, Lott could have reasonably believed that his filing deadline would be upon him in six days. Such a fleeting period could have made a timely filing by a pro se prisoner literally impossible. *See Rand v. Rowland,* 154 F.3d 952, 958 (9th Cir.1998) (en banc) (noting that "*pro se prisoner* litigants ... face[ ] the unique handicaps of incarceration" and that "confinement makes compliance with procedural deadlines difficult because of restrictions on the prisoner's ability to monitor the lawsuit's progress" (emphasis in original)). In such a situation, Lott might have reasoned that it would be better to file late and plead the equities of his case rather than not to file at all. Yet, if Lott could have reasonably known that his filing deadline was in fact thirty days later, he might have been able, with proper planning, to guarantee his day in court. Despite the importance of this deadline to his substantive rights, we cannot impute knowledge of the forthcoming *Bunney* rule to Lott. Even with the benefit of legal training, ready access to legal materials and the aid of four years of additional case law, an informed calculation of Lott's tolling period evaded both his appointed counsel and the expertise of a federal magistrate judge.

The peculiar facts of this case echo our earlier holding in *Whalem/Hunt v. Early,* 233 F.3d 1146, 1147 (9th Cir.2000) (en banc), when we stated that the grounds for granting equitable or statutory tolling are "highly fact dependant." In *Whalem/Hunt,* a California state prisoner claimed that his federal habeas petition was entitled to either statutory or equitable tolling because the prison's law library allegedly contained no legal materials describing the AEDPA (and therefore its one-year limitation period) until June of 1998. The district court had ruled that failure to stock AEDPA legal materials during the relevant filing period did not

constitute an impediment or circumstance entitling the petitioner to either equitable or statutory tolling. *Id.* at 1147–48. However, this court reversed, declaring that "[w]e do not agree with the district court that there are no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or equitable tolling." *Id.* at 1148. The court therefore remanded for further factual development.

With respect to equitable tolling, the result of other Ninth Circuit cases has turned on an examination of detailed facts. For example, in *Corjasso v. Ayers,* 278 F.3d 874 (9th Cir.2002), we allowed equitable tolling for a prisoner's habeas petition because the district court had improperly dismissed the petition on the grounds that it had a cover sheet from the wrong judicial district, despite the fact that the prisoner had "whited-out" the word "Northern" and written in "Eastern." When the problem was corrected by submitting a new cover sheet, the sheet was never appended to the body of the petition, causing further delay and inaction. When the petition was finally reviewed, the district court dismissed it because of unexhausted state claims. However, because of the lengthy delay arriving at the district court's ruling, the petitioner lost valuable time that would otherwise have been available to exhaust his state remedies. This court therefore reversed and applied equitable tolling, ruling that "the district court's error and its consequences consumed 258 days of that 365–day period" for filing a habeas petition under the AEDPA. *Id.* at 878.

*Corjasso* is somewhat similar to *Jorss v. Gomez,* 266 F.3d 955 (9th Cir.2001). In *Jorss,* the district court erroneously ruled that the petitioner had unexhausted state claims and dismissed the petition without leave to amend. After the prisoner at-

tended to the alleged unexhausted state claims and refiled his federal habeas petition, the district court dismissed it as time-barred under the AEDPA. Because the district court's error contributed to the untimeliness of the petition, this court relied on equitable tolling to vacate and remand the district court decision. *Id.* at 958.

At least three other cases in this circuit have also applied equitable tolling in the context of the AEDPA. In *Miles,* the petitioner was a pro se prisoner, who timely requested that prison officials draw on his trust account and prepare a check for his filing fee. This court equitably tolled the AEDPA limitations period because prison officials delayed the request, causing the petitioner to miss the filing deadline. *See* 187 F.3d at 1107. In *Calderon v. United States District Court (Beeler),* 128 F.3d 1283 (9th Cir.1997), overruled in part on other grounds by *Calderon v. United States District Court (Kelly),* 163 F.3d 530 (9th Cir.1998) (en banc), we equitably tolled the AEDPA limitations period because the defendant's lead counsel had withdrawn to accept employment in another state, leaving the replacement counsel with an unusable work product. *See* 128 F.3d at 1289. Finally, in *Calderon (Kelly),* we applied equitable tolling because the petitioner's alleged mental incompetency was "an extraordinary circumstance beyond the prisoner's control," which rendered him "unable to assist his attorney in the preparation of a habeas petition." 163 F.3d at 541.

The equitable tolling doctrine permits tolling "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon (Kelly),* 163 F.3d at 541. If Lott's second temporary transfer ended only a day after his AEDPA filing period had lapsed, a finding of impossibility could more easily

be fitted into the case law. Yet we can certainly hypothesize cases in which a pro se prisoner litigant had access to his legal files on the days before his AEDPA limitation period expired, but earlier events had so disabled him as to make a timely filing impossible (e.g., a temporary transfer, such as Lott's, which lasted 360 days). The issue of the "impossibility" of a timely filing of a federal habeas petition may, in some circumstances, involve the confluence of numerous factors beyond the prisoner's control. However, imposing extraordinarily high evidentiary standards on pro se prisoner litigants—who have already faced an unusual obstacle beyond their control during the AEDPA limitation period—runs against the grain of our en banc ruling in *Rand,* which concluded that "affirmative measures are sometimes required to ensure that a prisoner's access to the courts is 'adequate, effective, and meaningful.'" 154 F.3d at 958 (quoting *Bounds v. Smith,* 430 U.S. 817, 822–23, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)).

In the present case, there are allegations that Lott was denied access to his files during two temporary transfers that lasted eighty-two days. Moreover, during the relevant time period, there were some obvious questions about the proper method under the AEDPA for tolling during the pendency of Lott's petition before the California Supreme Court. These unusual facts, if borne out by further factfinding, appear to satisfy the "extraordinary circumstances" requirement for equitable tolling. *Miles,* 187 F.3d at 1107. Considering the fact that, without equitable tolling, Lott filed his petition only 7 or even 20 days late (depending on the application of the mailbox rule), and that the proper method for calculating the imminence of Lott's AEDPA deadline was unclear on his return to Folsom, the denial of his legal files for eighty-two days appears to satisfy the impossibility requirement as well. *Id.*

("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate."). Rather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into "impossibility" should be resolved in Lott's favor.

But although we have spoken to the apparent facts, the government has not had an opportunity to contest Lott's account of his transfer activity and to contradict the affidavit of prisoner James Nichols, an inmate worker in the receiving and shipping department at Folsom prison who declared that Lott's files were indeed in storage during the two temporary transfers. Therefore, following our en banc decision in *Whalem/Hunt*, we remand to the district court for a more complete development of the record as it relates to the availability of equitable tolling.

### B

Apart from equitable tolling, Lott maintains that he is entitled to statutory tolling under the AEDPA. Under 28 U.S.C. § 2244(d)(1), the limitation period for filing a federal habeas petition shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Lott contends that the denial of access to his legal files amounts to a due process violation under the Fourteenth Amendment.

■ The state contends that Lott's statutory tolling argument is not cognizable on appeal because he never raised this issue below. But, as we observed in *United States v. Flores–Payon*, 942 F.2d 556 (9th Cir.1991), an argument not presented to the district court can nonetheless still be raised on appeal under certain limited circumstances, including when "the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *Id.* at 558; *accord United States v. Echavarria–Escobar*, 270 F.3d 1265, 1267–68 (9th Cir.2001). In this case, the issue of equitable tolling was squarely raised in the district court, and both the equitable and statutory tolling arguments must rely on the same set of operative facts. The only question left, therefore, is whether Lott's allegations amount to a due process violation.

This court has held that a "temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation." *Vigliotto v. Terry*, 873 F.2d 1201, 1202–03 (9th Cir.1989) (ruling that a "three day deprivation does not rise to constitutional proportions"). However, until the issue of equitable tolling has been resolved by the district court, we are hesitant to conclude that a prisoner subject to a temporary transfer for an appearance in a civil proceeding has a constitutional right to maintain ready access to all of his legal files pertaining to unexhausted habeas claims. *See Jean v. Nelson*, 472 U.S. 846, 854, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985) ("Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision. This is a fundamental rule of judicial restraint." (quotations and citations omitted)); *United States v. Kaluna*, 192 F.3d 1188, 1197 (9th Cir.1999) (en banc) (restating the "well-established" maxim that "courts are not 'to decide questions of a constitutional nature unless absolutely necessary to a decision of the case'") (quoting *Burton v. United States*, 196 U.S. 283, 295, 25 S.Ct. 243, 49 L.Ed. 482 (1905)).

### III

Lott's allegations, if uncontroverted, require an application of equitable tolling to

his federal habeas petition. We therefore will vacate and remand to the district court to give the state an opportunity to meet Lott's allegations that he was denied access to his legal files during two temporary transfers from Folsom Prison.

VACATED and REMANDED.

McKEOWN, Circuit Judge, Concurring in judgment:

I concur in the panel's judgment: Should the government fail to rebut Lott's claim on remand that he was denied access to his legal papers for eighty-two days, an obstacle to timely filing that certainly would have been beyond his control, Lott is entitled to equitable tolling. I would reach this conclusion, however, by the more direct and practical approach recently adopted by our court en banc in *Socop–Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001) (en banc).

When circumstances beyond the petitioner's control delay timely filing of the petition, then we need only ask "whether [the petitioner] filed within the limitations period after tolling is taken into account." *Id.* at 1196. In other words, we simply stop the clock. We explicitly do not make a further inquiry concerning whether the petitioner "could reasonably have been expected to file his motion ... in the [time] remaining in the limitations period." *Id.* at 1195. We rejected this additional step in large part because it "promotes inconsistency of application and uncertainty of calculation, thus undermining two of the purposes served by statutes of limitations." *Id.; see also Burnett v. N.Y. Cent. R. Co.,* 380 U.S. 424, 435–36, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965).

A year should be 365 days not just for those fortunate enough to be free of any obstacles to filing, but for all petitioners— particularly for those who find their time to prepare a petition shrinking because of impediments beyond their control. "[A] court arguably usurps congressional authority when it tolls and then rewrites the statute of limitations by substituting its own subjective view of how much time a plaintiff reasonably needed to file suit." *Socop,* 272 F.3d at 1196.

In the context of the habeas limitations period, we have consistently held that equitable tolling is inappropriate unless "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002) (quoting *Calderon v. U.S. Dist. Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997)). I agree with the panel here that this is the controlling standard. But I cannot agree with that part of the majority's opinion that appears to address the very question *Socop* has precluded, namely whether the petitioner "could reasonably have been expected to file his motion ... in the [time] remaining in the limitations period." 272 F.3d at 1195. Such a characterization of the impossibility requirement implies a type of but-for causation analysis was squarely rejected in *Socop.* Once the high hurdle of "extraordinary circumstances" has been overcome, the clock stops for the duration of such circumstances. Simply put, it is enough to say that the impossibility requirement (assuming this ever was a separate element) is satisfied when tolling the period in question would make the petition otherwise timely.

This is not to say that I necessarily disagree with the majority's conclusion that Lott's confusion about the state of the law, the timing of his filing deadline, and the difficulties faced by the pro se prisoners in general all point toward granting Lott equitable tolling in this case. Rather, in my mind, Lott's predicament only serves to highlight another important purpose of equitable tolling that permeates all

habeas cases: the need for certainty of application.

Under the majority's approach to tolling, assessing the availability of equitable relief is opaque at best, thus frustrating a petitioner's efforts to utilize the full limitations period. Instead, the prisoner is left guessing whether a court will determine if any remaining time from the original limitations period was otherwise adequate to prepare a petition or, in this case, whether the petitioner could have reasonably believed an attempt to file on time was futile. *See* majority op. at 922. Though perhaps not the case here, the resulting uncertainty has the potential to provide petitioners with the perverse "incentive to rush to court without fully considering [their] claim—a policy that serves none of the parties involved." *Socop*, 272 F.3d at 1196. On the other hand, under the tolling approached adopted in *Socop*, "there may be uncertainty in any given case whether equitable tolling will apply at all, [but] the parties are able to calculate with some certainty the date on which the period would run if tolling is applied, and act accordingly." *Id.* at 1195.

In sum, considering the pro se prisoner's less-than-ideal lot as a litigant, I can find nothing in the context of a civil habeas suit that would diminish the tolling concerns addressed in *Socop. Cf. Rand v. Rowland,* 154 F.3d 952, 958 (9th Cir.1998) (en banc) (recognizing "the unique handicaps of incarceration" faced by pro se prisoner litigants). The alternative is neither practical nor prudent. Instead of a definite and relatively easy-to-apply limitations period, the courts would be left drawing lines within lines that create new limitations within the one originally imposed by Congress. A year is a year is a year. A year in the context of a statute of limitations should have the same certainty as a year that represents the number of days required for one revolution of the earth around the sun.