Donald Leonard DUNN, Jr,
Petitioner–Appellant,

v.

John LAMBERT, Respondent–Appellee.

No. 01–35828.

D.C. No. CV–00–01580–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM**

Donald Leonard Dunn, Jr., appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. Dunn's petition challenges his 1994 Washington state guilty–plea conviction and 240–month sentence for first degree murder. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Dunn contends the district court erred by denying his motion as untimely because the one–year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was equitably tolled under § 2244(d)(2) by the proper filing of his Washington state personal restraint petition. We decline to review this contention because it raises a question of statutory tolling and the district court's grant of certificate of appealability was limited to equitable tolling. *See* 28 U.S.C. § 2253(c)(3); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir.1999)(per curiam).

Dunn also contends that the district court erred in dismissing his petition without holding an evidentiary hearing to determine whether the fact that the state forced him to take anti–psychotic drugs during his state trial proceedings in 1994 entitled him to equitable tolling. This contention is unpersuasive because even if Dunn was forced to take anti–psychotic

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

drugs in 1994 he does not show how that made it impossible for him to timely file his petition by April 24, 1997. *See Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir.2002) (stating that equitable tolling is available only if extraordinary circumstances beyond the prisoner's control made it impossible to file his petition on time). Accordingly, the district court properly dismissed Dunn's petition as untimely. *See* § 2244(d)(1).

**AFFIRMED.**[1]

---

1. Appellant's December 3, 2001 motion to broaden the certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2). Appellant's March 21, 2002 statement of additional authorities, to the extent that they apply, are not persuasive.

