**Thomas A. TUCKER, Plaintiff–Appellant,**

v.

**John IGNACIO; Attorney General, State of Nevada, Respondent–Appellee.**

No. 02–15107.

D.C. No. CV–99–00277–ECR.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2002.*

Decided Dec. 16, 2002.

Before COWEN,** HAWKINS and W. FLETCHER, Circuit Judges.

MEMORANDUM***

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") enacted a one-year statute of limitation for applications for writs of habeas corpus by persons

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). State prisoners seeking to challenge a non-capital conviction must therefore file a petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Prisoners such as Tucker whose judgment became final prior to AEDPA's enactment had until April 24, 1997 to file a petition for federal habeas corpus relief. *Lott*, 304 F.3d at 920; *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir.2001).

The April 24, 1997 filing date may be tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). The Supreme Court of Nevada dismissed Tucker's appeal pursuant to Nevada Rule of Appellate Procedure 4(b), which governs appeals in criminal cases, and not Nevada Revised Statute 34.726(1), which governs petitions for post-conviction relief. Therefore, Tucker's September 18, 1996 filing was not a proper application for "State post-conviction or other collateral review" permitting tolling under § 2244(d)(2), but a direct, albeit fatally late, appeal of his conviction and sentence.

We briefly note Tucker's additional argument that the one-year statute of limitation should be equitably tolled on account of his trial counsel's deficient performance. Because the District Court did not include this issue within the certificate of appealability, and because Tucker has not moved before this Court to expand the issues on appeal, we may not address the merits of the equitable tolling claim. 28 U.S.C. § 2253(c); *Valerio v. Crawford*, 306 F.3d 742, 764 (9th Cir.2002) (en banc); *Hiivala*

*v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

AFFIRMED.