**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael Anthony BOWEN,**
**Defendant—Appellant.**

No. 01–16739.

D.C. Nos. CV–00–00233–LDG,
CR–93–00180–LDG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2003.

Decided Oct. 6, 2003.

Before O'SCANNLAIN, TASHIMA, Circuit Judges, and MATZ,* District Judge.

MEMORANDUM **

Petitioner Michael Anthony ˙ Bowen claims that the district court wrongly dis-

* The Honorable A. Howard Matz, United States District Court Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

missed his 28 U.S.C. § 2255 motion as untimely. He seeks reversal of the district court order or alternatively remand for an evidentiary hearing. Because the relevant facts are known to the parties they are not repeated here.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for 28 U.S.C. § 2255 motions. *See* 28 U.S.C. § 2255. Because Bowen's conviction preceded AEDPA's effective date of April 24, 1996, Bowen was entitled to a one-year grace period in which to file. *Calderon v. United States Dist. Ct.*, 128 F.3d 1283, 1286 (9th Cir.1997), *overruled on other grounds, Calderon v. United States Dist. Ct.*, 163 F.3d 530, 539–40 (9th Cir.1998) (en banc). Accordingly, absent equitable tolling, the last date on which Bowen could have timely filed was April 24, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001). The court reviews de novo district court determinations regarding equitable tolling and non-compliance with statutes of limitations under AEDPA. *E.g. Malcom v. Payne*, 281 F.3d 951, 955–56 (9th Cir.2002).

Bowen filed his motion on February 24, 2000, nearly 34 months after the grace period expired. The court has acknowledged that equitable tolling is available in limited circumstances where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon*, 128 F.3d at 1288 (internal quotations omitted). Nonetheless, "equitable tolling will not be available in most cases," *id.*, and "the grounds for granting equitable or statutory tolling are highly fact dependant." *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir.2002) (internal quotations omitted).

The unfortunate course of events that has apparently befallen Bowen, including his neurological illness and the December 1996 death of his attorney, likely qualify his case for some period of equitable tolling. On the record before the court, however, this period cannot reach the 34 months that would be necessary to salvage Bowen's claim.[1] Moreover, it is apparent that such a record could not realistically be developed upon remand. Accordingly, we affirm the order of the district court.

**AFFIRMED.**

---

1. The record lacks numerous key facts necessary to establish the equitable tolling claim, particularly regarding the petitioner's alleged incapacity. The petitioner's brief's factual assertions are often inconsistent with the record, and counsel acknowledged that the substantial uncertainty surrounding key facts

made it impossible for her to make important
factual representations to the court.

