**Michael Tyrone PAGE, Petitioner–Appellant,**

v.

**A. LAMARQUE, Warden, Respondent–Appellee.**

No. 03–55932.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2004.*

Decided Sept. 17, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Michael Tyrone Page, Soledad, CA, pro se.

Diane E. Berley, Esq., West Hills, CA, Steven Edward Mercer, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM **

California prisoner Michael Tyrone Page appeals from a judgment of the district court dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's decision to dismiss a petition for writ of habeas corpus on statute of limitations grounds, *see Lott v. Mueller,* 304 F.3d 918, 922 (9th Cir.2002), and we affirm.

Because the parties are familiar with the facts, we recite them only as necessary for this decision. Page argues that the statute of limitations on his habeas petition should be equitably tolled because he did not receive timely notice of the California Supreme Court's denial of his petition for review. However, we agree with the district court that when the California Court of Appeal issued the remittitur and it was served on Page's appellate lawyer, Page received constructive notice that his petition for review was no longer pending. In addition, the Los Angeles Superior Court issued two separate minute orders stating that the hearing for Page's re-sentencing was being scheduled as a result of its having received the remittitur. Page's trial lawyer was notified of the issuance of the remittitur and the sentencing hearing by telephone and U.S. mail. Page makes no claim that he did not receive notice of the remittitur or the re-sentencing. We conclude that Page has not shown extraordinary circumstances beyond his control that made it impossible for him to file his petition in a timely manner. *See id.* Therefore, the district court properly concluded that Page's habeas petition was time barred.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

