Esteban **HERNANDEZ**, Petitioner—Appellant,

v.

James M. **SCHOMIG**, Warden, Respondent—Appellee.

No. 04–16121.

D.C. No. CV–03–01008–KJD.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 24, 2005.

Esteban Hernandez, Indian Springs, NV, pro se.

Rene L. Hulse, Thom Gover, Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM**

Nevada state prisoner Esteban Hernandez appeals pro se the district court's judgment dismissing his 28 U.S.C. § 2254 petition on grounds that his claims were barred by procedural default. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the dismissal of a § 2254 petition, *see Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir.2002), and we affirm.

If claims are found procedurally defaulted by the state courts, this Court is barred from reviewing the claims unless the petitioner can demonstrate either (1) cause and prejudice, or (2) that a fundamental miscarriage of justice will result in the absence of review. *See Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir.), *cert. denied*, 540 U.S. 938, 124 S.Ct. 105, 157 L.Ed.2d 251 (2003).

Hernandez contends that the district court erred in failing to find cause for his procedurally defaulted claims where his appellate counsel was ineffective in failing to raise these claims in a direct appeal. However, where ineffective assistance of counsel is alleged as the cause for procedural default, the ineffective assistance claim must have been presented to the state courts as a viable independent claim. *See Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir.2003). Here, because Hernandez did not allege ineffective appellate counsel un-

til his third state post-conviction petition, it was procedurally defaulted and does not demonstrate cause. *See id.*

Hernandez also contends that the district court erred in failing to find cause for his procedurally defaulted claim that his post-conviction counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim, earlier. However, alleged ineffective assistance of post-conviction counsel does not constitute cause. *See Poland v. Stewart,* 169 F.3d 573, 588 (9th Cir.1999) ("Because there is no constitutional right to an attorney in state post-conviction proceedings, there cannot be constitutional ineffective assistance of counsel in such proceedings.").

Accordingly, the district court properly dismissed the § 2254 petition. *See Cockett v. Ray,* 333 F.3d at 943.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.