**Gregory DOWNS, Petitioner—Appellant,**

v.

**Suanne HUBBERT; et al., Respondents—Appellees.**

**No. 03–17027.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Alister McAlister, Esq., Wilton, CA, Gregory Downs, Corcoran, CA, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wayne Strumpfer, Clayton Susumu Tanaka, Esq., Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Gregory Downs appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the dismissal of a § 2254 petition, *see Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir.2002), and we affirm.

Appellant filed a timely § 2254 petition raising only one claim. After appellant's one-year AEDPA statute of limitations had expired, appellant filed a motion to stay the proceedings to allow him the opportunity to exhaust new claims not raised in his original petition. The district court granted the motion. Later, after exhausting the claims in state court, appellant filed an amended § 2254 petition, raising all new claims and abandoning the sole claim from his original petition. The district court dismissed the amended petition, finding that the amended petition was untimely, and the new claims did not relate back to the original petition.

Upon review, we agree with the district court's finding that the new claims do not

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

relate back to the original, timely-filed petition. *See Mayle v. Felix,* —— U.S. ——, ——, 125 S.Ct. 2562, 2566, 162 L.Ed.2d 582 (2005) (holding in a noncapital case that an amended habeas petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading).

To the extent that appellant's opening brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curium).

Appellant's pro se motions are denied because appellant is represented by counsel, and only counsel may file motions.

**AFFIRMED.**