**Christopher Willard MYERS, Petitioner–Appellant,**

v.

**J.R. CASTOR, Respondent–Appellee.**

No. 04–16906.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 16, 2006.

Christopher Willard Myers, Vacaville, CA, pro se.

John Ward, San Francisco, CA, for Petitioner–Appellant.

Robert R. Anderson, Justain P. Riley, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM **

California state prisoner Christopher Willard Myers appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his conviction by jury trial for 35 counts of sexual abuse of a minor under 14 and his 76–year sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the dismissal of a § 2254 petition, *see Lott v.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Mueller,* 304 F.3d 918, 922 (9th Cir.2002), and affirm.

Myers first contends that the trial court denied him due process by excluding evidence offered to impeach the credibility of the complaining witness. We conclude that the California Court of Appeal's decision that the disputed testimony was properly excluded because the testimony was of marginal relevance, was potentially confusing to the jury, and would have consumed undue time, was not contrary to, or an unreasonable application of, clearly established federal law. *See Montana v. Egelhoff,* 518 U.S. 37, 42–43, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996) (holding due process rights are not violated by exclusion of relevant evidence where probative value is outweighed by danger of prejudice or confusion).

Myers next contends that the trial court denied him due process by instructing the jury that it could infer guilt from Myers' false statements or from his failure to explain or deny certain statements, although there was no factual basis for the instructions. Because the jury had to first independently find that petitioner made willfully false or misleading statements, or failed to explain evidence introduced against him, before the instructions took effect, taken as a whole, these two instructions clearly preserved the government's burden of proof, and were fully consistent with established federal law. *See Caminetti v. United States,* 242 U.S. 470, 494, 37 S.Ct. 192, 61 L.Ed. 442 (1917). We conclude that the instructions did not so infect the entire trial that the resulting conviction violated due process. *See Es-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*telle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Moreover, in light of the strong evidence against Myers and the fact that he had other opportunities to impeach the complaining witness, it cannot be said that either the excluded testimony or jury instructions resulted in "actual prejudice" to Myers or "had a substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Accordingly, we conclude that the California Court of Appeal's decision was not contrary to, or an unreasonable application of, clearly established federal law, and we affirm the district court's judgment. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.