Lonnie JOHNSON, Petitioner–
Appellant,

v.

R.Q. HICKMAN, Warden; et al.,
Respondents–Appellees.

No. 04–17109.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Filed June 16, 2006.

Lonnie Johnson, Vacaville, CA, pro se.

Robert R. Anderson, Depty. Atty. Gen., AGCA—Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner Lonnie Johnson appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his conviction by jury trial for possession of a controlled substance and 25–years–to–life sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the dismissal of a § 2254 petition, see Lott v. Mueller, 304 F.3d 918, 922 (9th Cir.2002), and affirm.

Johnson first contends that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Given his criminal history, which includes five felony convictions for robbery and a prior prison term, Johnson's sentence was not grossly disproportionate to his offense. See Lockyer v. Andrade, 538 U.S. 63, 73–78, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); Ewing v. California, 538 U.S. 11, 28–31, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). The state court's decision therefore was not contrary to, and did not involve an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1); Andrade, 538 U.S. at 77, 123 S.Ct. 1166.

Johnson next contends that the trial court abused its discretion when it declined to strike his prior convictions at sentencing in the furtherance of justice. Because Johnson failed to make a showing of "fundamental unfairness," his claim only involves the interpretation of state sentencing law, and therefore does not justify habeas relief. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir.1994); Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Third, Johnson contends that, because district attorneys in other counties had announced policies of refraining from applying California's Three Strikes law to defendants whose triggering offense was not a violent felony, his right to equal protection was violated by the prosecutor's decision to charge him. Because Johnson failed to show that the prosecutor selected him on the basis of an impermissible classification, the prosecutor's decision was within the range of discretion allowed. See Oyler v. Boles, 368 U.S. 448, 456, 82

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

S.Ct. 501, 7 L.Ed.2d 446 (1962); *United States v. LaBonte,* 520 U.S. 751, 761, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997).

Finally, Johnson contends that the trial court violated his right to a fair trial when it refused to allow him to prove additional prior felony convictions. The trial court's decision to disallow evidence of more than one prior conviction for impeachment purposes in order to preclude any attempt at jury nullification did not render Johnson's trial fundamentally unfair, *see Drayden v. White,* 232 F.3d 704, 710 (9th Cir.2000), as the other prior convictions were not relevant to his conviction. *See Shannon v. United States,* 512 U.S. 573, 579, 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994).

We construe Johnson's motion to amend his opening brief to include uncertified issues as a motion to broaden the certificate of appealability, and deny the motion. *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e).

**AFFIRMED.**

. AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.