**Bladimir Analco AQUINO, Petitioner—Appellant,**

v.

**Richard MORGAN, Respondent— Appellee.**

No. 04–36089.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

Bladimir Analco Aquino, Walla Walla, WA, pro se.

Federal Defenders, Kathleen E. Moran, Esq., Federal Public Defender's Office, Spokane, WA, for Petitioner—Appellant.

John T. Samson, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent—Appellee.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Washington state prisoner Bladimir Analco Aquino appeals from the district

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

court's judgment denying his § 2254 petition challenging his conviction for first degree robbery, first degree theft, theft of a firearm, taking a motor vehicle without permission, and attempted first degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the dismissal of a § 2254 petition, *see Lott v. Mueller,* 304 F.3d 918, 922 (9th Cir.2002), and affirm.

Aquino contends that his Fifth Amendment right not to be subjected to double jeopardy has been violated because the charges for first degree theft, theft of a firearm, and taking a motor vehicle without permission are included in the first degree robbery charge, and are, therefore, the "same offense."

We conclude that the Washington state court's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1). The Double Jeopardy Clause was not violated in this case, because each of the charges requires proof of an element that the other charges do not. *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (stating test to determine whether two offenses are the same offense is "whether each statutory provision requires proof of an additional fact which the other does not"). Moreover, because the test to determine whether two crimes constitute the "same offense" focuses on the statutory elements of the crimes, rather than evidence presented at trial, Aquino's argument that the larceny and robbery charges are the same because they involved the same property fails. *See United States v. Dixon,* 509 U.S. 688, 704, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (overruling *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), rejecting *Grady's* same-conduct test and reaffirming *Blockburger's* same-element test).

Aquino's uncertified claims are not cognizable, as he failed to raise them in his petition before the district court. *See Belgarde v. State of Montana,* 123 F.3d 1210, 1216 (9th Cir.1997). Accordingly, we decline to expand the certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Barker v. Fleming,* 423 F.3d 1085, 1089 n. 1 (9th Cir.2005).

We also deny the motion to hold this appeal in abeyance.

**AFFIRMED.**