**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR EUGENE JOHNSON, | No. 10-16177 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00850-JAM-GGH |
| v. | |
| JAMES A. YATES, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 15, 2011
San Francisco, California

Before: SCHROEDER, RIPPLE,** and BEA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

Arthur Eugene Johnson appeals the district court's judgment dismissing as untimely his § 2254 habeas corpus petition. See 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we now affirm.

On March 13, 2007, Mr. Johnson's state-court conviction for attempted murder and being a felon in possession of a firearm became final and triggered the running of the one-year statute of limitations for filing a federal habeas petition under § 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(d)(1). The limitations period was tolled during the pendency of Mr. Johnson's state habeas proceedings, which spanned September 8, 2007, through September 10, 2008. See 28 U.S.C. § 2244(d)(2). Mr. Johnson's petition, therefore, had to be filed no later than March 17, 2009.

Mr. Johnson was placed in administrative segregation from December 16, 2008, to February 5, 2009, after he got in a fight with another inmate. During this time, he did not have access to his legal papers. After Mr. Johnson was released from administrative segregation, he completed his federal habeas petition and gave it to prison authorities to be mailed. Although two separate pages of the petition were dated March 18, 2009, Mr. Johnson did not sign either of those pages. The outgoing prison mail log shows the petition was mailed on March 25, 2009.

The State moved to dismiss Mr. Johnson's petition on timeliness grounds. It observed that Mr. Johnson's federal habeas petition was at least one day late and, more likely, eight days late given that "the prison's log of outgoing mail provides strong evidence of the date [the petitioner] handed over his petition." Huizar v. Carey, 273 F.3d 1220, 1224 (9th Cir. 2001). The district court granted the State's motion.

In his appeal, Mr. Johnson maintains that the district court should have equitably tolled the time during which he was in administrative segregation. "We review de novo the district court's dismissal of a federal habeas petition on statute of limitations grounds." Ferguson v. Palmateer, 321 F.3d 820, 822 (9th Cir. 2003).

In Holland v. Florida, 130 S. Ct. 2549 (2010), the Supreme Court set forth the criteria that we must employ to determine if the statute of limitations under the AEDPA should be equitably tolled. Specifically, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)).

Mr. Johnson has not met these criteria. First, he has not established reasonable diligence. Mr. Johnson does not set forth what steps he took before,

3

during or after his segregation to pursue his federal habeas rights. See Roy v. Lampert, 465 F.3d 964, 972 (9th Cir. 2006) (noting that it was important that the petitioners "pursued their claims within a reasonable period of time before the external impediment . . . came into existence" (emphasis in original)). In his reply brief, Mr. Johnson makes a passing reference to his numerous requests for access to his legal files during his administrative segregation. Even if we were to consider this statement, see Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010) (stating that "arguments raised for the first time in a reply brief are waived"), it describes only Mr. Johnson's efforts while in segregation; it does not speak to his efforts to pursue his federal habeas rights before his segregation began or after it ended.

Second, assuming that Mr. Johnson could establish reasonable diligence, he also must show that an "extraordinary circumstance" prevented him from timely filing his petition. Mr. Johnson's petition for state habeas relief was denied by the California Supreme Court on September 8, 2008, more than three months before he was placed in administrative segregation on December 16, 2008. He was released from administrative segregation on February 5, 2009, more than one month before his federal habeas petition was due on March 17, 2009. Mr. Johnson has come forward with no evidence or argument to suggest that the forty-five days that he

4

spent in segregation hindered him from filing his federal habeas petition in a timely manner.[1]

Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), on which Mr. Johnson relies, does not suggest a different result. Our decision to allow equitable tolling in Lott was based on the "peculiar facts" of that case, which are not mirrored here. Id. at 923.

**AFFIRMED**.

---

[1] The State argues that Mr. Johnson's placement in administrative segregation was due to his own misconduct and, therefore, does not qualify as an "extraordinary circumstance" that warrants equitable tolling. We are unaware of any case law from this court or any other court of appeals that has held, as a matter of law, that segregation occasioned by a prisoner's own misconduct cannot qualify as an "extraordinary circumstance." Nevertheless, it is not necessary for the court to address this contention. Regardless of the reason Mr. Johnson was placed in segregation, he has not met the requirements for equitable tolling.