**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ANTHONY VON VILLAS, AKA Robert A. Von Villas, <br><br> Petitioner - Appellant, <br><br> v. <br><br> KATHLEEN ALLISON, Warden, Warden (A) and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, <br><br> Respondents - Appellees. | No. 11-56396 <br><br> D.C. No. 2:98-cv-01073-DDP-AJW <br><br><br> MEMORANDUM* |
| ROBERT ANTHONY VON VILLAS, AKA Robert A. Von Villas, <br><br> Petitioner - Appellant, <br><br> v. <br><br> KATHLEEN ALLISON, Warden, Warden (A), <br><br> Respondent - Appellee. | No. 11-56398 <br><br> D.C. No. 2:98-cv-01072-DDP-AJW |

Appeal from the United States District Court

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted June 16, 2014
Seattle, Washington

Before: REINHARDT and CHRISTEN, Circuit Judges, and SETTLE, District Judge.[**]

Robert Von Villas appeals from the dismissal of his two habeas petitions as untimely. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. Because the parties are familiar with the facts of this case, we do not recount them here. Exercising de novo review, we affirm.

Uncertified Issue

We lack jurisdiction to review Von Villas's argument that the district court should have stayed proceedings on his 1997 petitions for writ of habeas corpus. The dismissal of Von Villas's 1997 petitions was a voluntary dismissal without prejudice, after which he filed new petitions. *See* Fed. R. Civ. P. 41(a)(2). Von Villas has lost the right to challenge the district court's disposition of the 1997 petitions because he did not object to or appeal these dismissals. The 1998 petitions that are the subject of this appeal constitute entirely new actions. *City of*

---

[**] The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

2

*S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002); *see Slack v. McDaniel*, 529 U.S. 473, 487–88 (2000).

Equitable Tolling

"In this circuit, equitable tolling of the filing deadline for a habeas petition is available only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002) (internal quotation marks omitted). Accepting Von Villas's factual contentions as true, he encountered substantial hurdles to filing timely petitions. Most significantly, he was apparently unaware of the Anti-terrorism and Effective Death Penalty Act (AEDPA) filing deadline until the month of the deadline. But Von Villas was nonetheless able to file two timely petitions in federal court before the AEDPA deadline. He cannot show that any extraordinary circumstances beyond his control were the cause of his late filing. We have suggested that the ability to file even a "basic form habeas petition" before the deadline would defeat a claim for equitable tolling. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009). Therefore, Von Villas is not entitled to equitable tolling.

We recognize the harshness of this outcome in this case, but we are not free to depart from our well-established standard for equitable tolling. In our view, Von Villas's predicament resulted most directly from his legal missteps, starting

3

with his decision not to preserve for appellate review the issue of the district court's refusal to stay proceedings on the 1997 petitions. Of course, it would have been very difficult for Von Villas, representing himself pro se, to avoid these missteps, particularly given the novelty of the AEDPA scheme at the time. But we have held that lack of legal sophistication does not constitute an extraordinary circumstance beyond a petitioner's control. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). We cannot fault Von Villas for filing untimely petitions, but we conclude that he has not met the high burden required for equitable tolling based on extraordinary circumstances.

Nor is Von Villas entitled to equitable tolling because he was affirmatively misled by the district court. As Von Villas notes, this issue is governed by our decision in *Ford v. Pliler*, 590 F.3d 782 (9th Cir. 2009). We understand that Von Villas has raised the issue here to preserve it for further review.

Statutory Tolling

Von Villas is not entitled to statutory tolling because he was not "prevented from filing" timely petitions by a state-created impediment. *See* 28 U.S.C. § 2244(d)(1)(B). This causal standard is functionally equivalent to the "impossibility" standard for equitable tolling. *See Bryant v. Ariz. Att'y Gen.*, 499

4

F.3d 1056, 1060–61 (9th Cir. 2007).  Because Von Villas filed timely petitions, he cannot meet the standard for statutory tolling.

**AFFIRMED**.

Judge REINHARDT, dissenting: *11-56396+ Villas v Allison*

Equitable tolling is the product of "a tradition in which courts of equity have sought to relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules, which if strictly applied, threaten the evils of archaic rigidity." *Holland v. Florida*, 130 S. Ct. 2549, 2563 (2010). Courts invoking equitable doctrines must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 2563. The majority acknowledges "the harshness of the outcome in this case" and that there was little more Von Villas could have done to navigate successfully the morass of procedural rules suddenly thrust upon him, yet it denies relief. Surely this case falls within the province of equitable principles.

Extraordinary circumstances justifying equitable tolling may arise from "the confluence of numerous factors beyond the prisoner's control." *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002). Von Villas alleges just such a confluence: denial of access to AEDPA until just before the new filing deadline announced by that statute; lack of meaningful access to his legal materials due to prison policies; and the district court's mistaken denial of Von Villas's motion to stay and abey his 1997 mixed petitions–an error caused by the district court's own understandable confusion regarding the newly enacted statute.

The majority rules that Von Villas's ability to timely file two federal placeholder petitions in 1997 proves that these extraordinary circumstances did not cause the untimeliness of his 1998 federal petitions, but this penalizes Von Villas for his extreme diligence under extraordinary circumstances. Moreover, the majority does not take account of the fact that these extraordinary circumstances also prevented Von Villas from filing a state petition, which would have in turn tolled the AEDPA limitations period, rendering his 1998 federal petitions timely. *See* 28 U.S.C. § 2244(d)(2). Von Villas's failure to appeal the district court's denial of a stay was indeed a miscalculation, but this does not change the fact that extraordinary circumstances caused the 1998 petitions currently before this Court to be delayed despite Von Villas's diligent efforts.

"AEDPA seeks to eliminate delays in the federal habeas review process," *Holland*, 130 S. Ct at 2562, yet Von Villas has been forced to litigate this statute of limitations issue for well over a decade. Now, no federal court will reach the merits of his claims. There is little equity in that.