Judge REINHARDT,
dissenting:
Equitable tolling is the product of “a tradition in which courts of equity have sought to relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules, which if strictly applied, threaten the evils of archaic rigidity.” Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2563, 177 L.Ed.2d 130 (2010). Courts invoking equitable doctrines must “exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.” Id. at 2563. The majority acknowledges “the harshness of the outcome in this case” and that there was little more Von Villas could have done to navigate successfully the morass of procedural rules suddenly thrust upon him, yet it denies relief. Surely this case falls within the province of equitable principles.
Extraordinary circumstances justifying equitable tolling may arise from “the confluence of numerous factors beyond the prisoner’s control.” Lott v. Mueller, 304 F.3d 918, 924 (9th Cir.2002). Von Villas alleges just such a confluence: denial of access to AEDPA until just before the new filing deadline announced by that statute; lack of meaningful access to his legal materials due to prison policies; and the district court’s mistaken denial of Von Villas’s motion to stay and abey his 1997 mixed petitions — an error caused by the district court’s own understandable confusion regarding the newly enacted statute.
The majority rules that Von Villas’s ability to timely file two federal placeholder petitions in 1997 proves that these extraordinary circumstances did not cause the untimeliness of his 1998 federal petitions, but this penalizes Von Villas for his extreme diligence under extraordinary circumstances. Moreover, the majority does not take account of the fact that these extraordinary circumstances also prevented Von Villas from filing a state petition, which would have in turn tolled the AED-PA limitations period, rendering his 1998 federal petitions timely. See 28 U.S.C. § 2244(d)(2). Von Villas’s failure to appeal the district court’s denial of a stay was indeed a miscalculation, but this does not change the fact that extraordinary circumstances caused the 1998 petitions currently *741 before this Court to be delayed despite Von Villas’s diligent efforts.
“AEDPA seeks to eliminate delays in the federal habeas review process,” Holland, 130 S.Ct. at 2562, yet Von Villas has been forced to litigate this statute of limitations issue for well over a decade. Now, no federal court will reach the merits of his claims. There is little equity in that.